C. W. AYCOCK, Jr., Administrator of the Estate of James Henry Aycock, Deceased, Plaintiff-Appellant,

and

Alious S. Ashley et al., Plaintiffs-Intervenors-Appellants,

and

Insurance Company of North America, Plaintiff-Intervenor,

v.

LOUISIANA AIRCRAFT, INC., Defendant-Appellee,

and

Insurance Company of the State of Pennsylvania, Garnishee-Defendant.

No. 78–2754.

United States Court of Appeals, Fifth Circuit.

May 19, 1980.

William A. Pyle, Walker W. Jones, III, Jackson, Miss., for Ashley et al.

Gray, Montague & Jackson, Frank D. Montague, Jr., Hattiesburg, Miss., for C. W. Aycock.

George E. Gillespie, Jr., Francis T. Zachary, Hattiesburg, Miss., W. Luther Wilson, Baton Rouge, La., for defendant-appellee.

Before VANCE and SAM D. JOHNSON, Circuit Judges, and THOMAS *, District Judge.

VANCE, Circuit Judge:

This appeal presents a single issue: Whether the district court correctly decided that, under Mississippi's long arm statute, section 13–3–57 of the Mississippi Code Annotated (1972), it lacked in personam jurisdiction over Louisiana Aircraft, Inc. We reverse.

On January 19, 1975, a Piper Navajo owned by Faulkner Concrete Products Company of Hattiesburg, Mississippi, crashed in Mobile County, Alabama. The original plaintiffs in this action were the heirs of John Ashley and John Henry Aycock who died in that crash. They initiated this wrongful death action, section 11–7–13 of the Mississippi Code Annotated (1972), to recover damages from Louisiana Aircraft, which allegedly serviced the aircraft in a negligent manner for Faulkner.[1] Plaintiffs reside in Mississippi, Georgia and Florida. Louisiana Aircraft is a Louisiana Corporation with its principal place of business in Baton Rouge, Louisiana. Although it is not qualified to conduct business in Mississippi, Louisiana Aircraft does business of a "systematic nature" in Mississippi. It is an authorized distributor of Piper Aircraft and parts for the southern two-thirds of Mississippi; it sends its salesmen into Mississippi; its salesmen travel to Mississippi to demonstrate and to sell aircraft to Mississippi residents; it has delivered planes to its customers in Mississippi; it services planes from Mississippi; and it contracts with Mississippi residents. Louisiana Aircraft contends, however, that it had no contacts with Mississippi regarding the sale or maintenance of the Faulkner aircraft. Faulkner took delivery of the plane in Pennsylvania, and, when the plane required servicing, Faulkner brought it to Baton Rouge where Louisiana Aircraft performed the necessary maintenance work. The alleged basis of Louisiana Aircraft's liability is its negligence in servicing the Faulkner aircraft shortly before the accident. This alleged negligence occurred in Louisiana.

The district court concluded that Mississippi law did not authorize an exercise of in personam jurisdiction over Louisiana Aircraft. It reached this conclusion on the basis of its analysis of section 13–3–57, which states that personal jurisdiction may be had over three categories of defendants.[2]

---

* District Judge in the Southern District of Alabama, sitting by designation.

1. Plaintiffs allege that Louisiana Aircraft either left a screwdriver in the plane's aileron control chain or should have discovered its presence when inspecting the plane in November 1974.

2. Section 13–3–57 provides in pertinent part that

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, [1] who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or [2] who shall commit a tort in whole or in part in this state against a resident of this state, or [3] who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such

The court determined that Louisiana Aircraft did not fit into any of these categories. Specifically, the court held that the contract section of the long arm statute was inapplicable because no contract existed between the plaintiffs and Louisiana Aircraft.[3] The tort section of the long arm statute was also found to be inapplicable. The trial court reasoned that under Mississippi law Louisiana Aircraft did not fit into this category because the alleged tort of negligence did not occur either in whole or in part in Mississippi. Finally, the court held that personal jurisdiction could not be had over Louisiana Aircraft under the doing business section of the long arm statute. Citing *Mladinich v. Kohn*, 250 Miss. 138, 164 So.2d 785, 790 (1964), the court construed this section to require the plaintiffs to demonstrate three things:

> (1) the non-resident defendant must "purposely do some act or consumate [*sic*] some transaction" in Mississippi; (2) the plaintiff's [*sic*] cause of action "must arise from, or be connected with, such act or transaction"; and (3) the assumption of jurisdiction by the forum state's court must "not offend jurisdictional notions of fair play and substantial justice."

The court denied jurisdiction over Louisiana Aircraft because

> the Defendant *has not* done some *purposeful act* in *this State* from which Plaintiffs' cause of action arises. . . [e]ven though the Defendant does some business in Mississippi . . .. (emphasis in original).

contract or tort, *or as an incident thereto*, by any such nonresident or his, their, or its agent, servant or employee.

. . . . .

The doing of such business, or the engaging in any such work or service in this state, or the making of such contract, or the committing of such tort in this state, shall be deemed to be a signification of such nonresident's agreement that any process against it or its representative which is so served upon the secretary of state shall be of the same legal force and effect as if served on the nonresident at its principal place of business in the state or country where it is incorporat-

We do not agree with the district court with respect to its construction of the doing business section of the long arm statute. We do not, therefore, comment on the court's conclusions regarding the other sections. It also is not necessary that we decide whether the district court correctly construed Mississippi cases rendered prior to its decision. Rather we hold that *Arrow Food Distributors v. Love*, 361 So.2d 324, 326–27 (Miss.1978), which was announced after the district court's ruling, requires us to reverse. In *Arrow*, the Mississippi supreme court emphasized "the state's avowed policy as expressed in *Vicksburg S. & P. R. Co. v. Forcheimer*, [113 Miss. 531, 74 So. 418, 419 (1917)], to 'open the door' of our Mississippi courts to foreign corporations found doing business in this state to sue and be sued on *all* bona fide causes of action." *Arrow Food Distributors, Inc. v. Love*, 361 So.2d at 327 (emphasis added). The *Arrow* court further held that section 13–3–57 must be read in conjunction with, and harmonized to, section 79–1–27 of the Mississippi Code Annotated (1972).[4] As a result, personal jurisdiction under a doing business theory was allowed over a Louisiana corporation which did business in Mississippi, even though the tort being sued upon had been committed entirely in Louisiana. *Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 446 (5th Cir. 1979). Contrary to the conclusion reached by the district court, therefore, *Arrow* holds that the cause of action need not arise from some purposeful act done by Louisiana Aircraft in Mississippi. In other words, the district court erred in treating the second *Mladinich* require-

ed and according to the law of that state or country.
(emphasis added).

**3.** The trial court did not reach associated issues of privity or the rights of third party beneficiaries, because plaintiffs failed to raise the same.

**4.** Section 79–1–27 provides that

Any corporation claiming existence under the laws of any other state or of any other country foreign to the United States, found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are, whether the cause of action accrued in this state or not.

ment as absolute, *i. e.*, insisting upon a *direct* link between Louisiana Aircraft's business activity in Mississippi and the plane crash. *Arrow* teaches us that businessmen who do business in Mississippi or with Mississippi residents will be subject to personal jurisdiction in Mississippi courts at least on causes of action *incident to* such business, note 2 *supra*, regardless of whether the action directly arose from a purposeful act done in Mississippi. Personal jurisdiction over Louisiana Aircraft exists in this case because (1) as the district court found, Louisiana Aircraft does business of a systematic and ongoing nature in Mississippi, (2) plaintiffs' cause of action is incident to that business activity, and (3) the assertion of jurisdiction over Louisiana Aircraft does not offend notions of fairness or substantial justice.[5]

REVERSED and REMANDED.

---

5. Louisiana Aircraft does not contend that it failed to receive adequate notice of this suit. The constitutionally requisite minimum contacts between Louisiana Aircraft and Mississippi exist; thus, the rule of *Arrow* as applied in this case does not offend due proces. *See*

*World-Wide Volkswagen Corp. v. Woodson*, —— U.S. ——, ——, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980).