Sam SMITH, Plaintiff-Appellant,

v.

DeWALT PRODUCTS CORPORATION,
Defendant-Appellee.

No. 83–4213
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 1984.

**278**

James W. Nobles, Jr., Jackson, Miss., A. Kennon Goff, III, Ruston, La., for plaintiff-appellant.

Watkins & Eager, James A. Becker, Jr., Jerrald L. Shivers, Paul J. Stephenson, Jackson, Miss., for defendant-appellee.

Before RUBIN, RANDALL and TATE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

This diversity case was filed in a Mississippi district court in an effort to obtain the protection of the longer Mississippi statute of limitations over a personal injury action that would have been untimely if filed in Louisiana, where the injury occurred. We affirm its dismissal by the district court for want of personal jurisdiction over the defendant.

While working in Ruston, Louisiana, and using a power saw, Sam Smith, a Louisiana resident, suffered a complete amputation of his left hand, wrist, and lower forearm by the saw. The saw had been designed and manufactured by DeWalt Products Corporation ("DeWalt"), which is domiciled in Lancaster, Pennsylvania, and is a division of Black & Decker (U.S.), Inc., a Maryland corporation.

More than one year after his injury, Smith filed this products liability action in the United States District Court for the Southern District of Mississippi. Jurisdiction was predicated on the complete diversity of citizenship between Smith and DeWalt.[1] Assuming that the court had jurisdiction, Smith sought to apply Mississippi's six year statute of limitations for negligence and strict liability in products liability actions.[2] The applicable Louisiana statute of limitations for similar actions is one year.[3] Following a motion by DeWalt, the district court dismissed Smith's claim for lack of personal jurisdiction.[4] Smith appeals.

In a federal diversity action such as this, the reach of federal jurisdiction over non-resident defendants is measured by a two-step inquiry. First, the law of the forum state must provide for the assertion of such jurisdiction; and second, the exercise of jurisdiction under state law must comport with the dictates of the fourteenth amendment due process clause.[5] In this case, because Mississippi law does not provide for the assertion of personal jurisdiction over DeWalt, we do not consider the due process issue. For the same reason, we also do not address the choice-of-law question concerning the applicable statute of limitations.

Smith asserts three possible grounds for obtaining personal jurisdiction over DeWalt. The first argument is that DeWalt falls within the scope of the "doing-business" provisions of the Mississippi long-arm statute,[6] and is thereby amenable

---

1. 28 U.S.C. § 1332(a)(1) (1983).

2. Miss.Code Ann. § 15-1-49 (1972).

3. La.Civ.Code Ann. art 3536 (West 1972).

4. Fed.R.Civ.P. 12(b)(2).

5. *Cowan v. Ford Motor Co.*, 694 F.2d 104, 105 (5th Cir.1982); *Rebozo v. Washington Post Co.*, 515 F.2d 1208, 1211 (5th Cir.1975).

6. Miss.Code Ann. § 13-3-57 (Supp.1982) provides in pertinent part:

   Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this

to suit in Mississippi. This argument fails for several reasons. First, although the statute on its face does not preclude its use by non-resident plaintiffs, federal courts interpreting Mississippi law have consistently held that a non-resident plaintiff cannot use its provisions to obtain in personam jurisdiction over a non-resident defendant.[7] "The thesis of these and similar decisions is that the statute is designed to protect and be used only by Mississippi residents."[8] This line of authority makes Smith's status as a non-resident plaintiff a barrier to his use of the long arm statute to obtain in personam jurisdiction over DeWalt.

This interpretation of the statute is buttressed by recent amendments to it. In 1980, the Mississippi legislature amended the statute to allow a non-resident plaintiff to obtain service of process upon a non-resident defendant who has committed a tort in whole or in part in Mississippi against the non-resident plaintiff.[9] The legislature did not amend the "doing-business" provision of the statute in a similar fashion. Given the long-standing judicial construction of the long-arm statute to preclude its use by non-resident plaintiffs, the legislature's decision not to amend the "doing-business" provision of the statute at the same time it specifically extended the "tort" provision to non-resident plaintiffs indicates a legislative intent that the "doing-business" provision is not available to non-resident plaintiffs. Subsequent construction of the long-arm statute after the 1980 amendments confirms this result.[10]

Finally, even if this court were to allow a non-resident plaintiff such as Smith to make use of the Mississippi long-arm statute, DeWalt still would not be subject to the in-personam jurisdiction of the district court. By its own terms, the statute's scope is limited to those cases in which the cause of action accrues from or is incident to the activities of the non-resident defendant.[11] As interpreted by the Mississippi Supreme Court, before personal jurisdiction may be exercised under the "doing-business" provision of the long-arm statute, there must be a sufficient nexus between the activities of the defendant within the state and the plaintiff's cause of action.[12] Here, there does not appear to be a nexus of any kind between the activity of DeWalt in Mississippi and the claims asserted by Mr. Smith. There is nothing to indicate that the saw in question was manufactured in Mississippi, that it was ever owned by a Mississippian, that it was ever sold in Mississippi or by a Mississippian, that it was ever serviced in Mississippi or by a Mississippian, or that it was ever within the territorial boundaries of the state of Mississippi. The mere fact that DeWalt markets its

state against a resident or non-resident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such non-resident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their or its agent, servant or employee.

7. *Golden v. Cox Furniture Manufacturing Co., Inc.,* 683 F.2d 115, 117 (5th Cir.1982); *Washington v. Norton Mfg., Inc.,* 588 F.2d 441, 444–45 (5th Cir.), *cert. denied,* 442 U.S. 942, 99 S.Ct. 2886, 61 L.Ed.2d 313 (1979); *Breeland v. Hide-A-*

*Way Lake, Inc.,* 585 F.2d 716, 719–21 (5th Cir. 1978), *modified on rehearing on other grounds,* 593 F.2d 22 (5th Cir.1979) (per curiam); *Thompson v. F.W. Woolworth Co.,* 508 F.Supp. 522, 523 (N.D.Miss.1981); *Ryan v. Glenn,* 52 F.R.D. 185, 188 (N.D.Miss.1971).

8. *Golden v. Cox Mfg. Co., Inc.,* 683 F.2d 115, 117 (5th Cir.1982).

9. 1980 Miss.Laws ch. 437.

10. *Golden v. Cox Mfg. Co., Inc.,* 683 F.2d 115, 117 (5th Cir.1982).

11. *See supra* note 6.

12. *Collins v. Truck Equipment Sales, Inc.,* 231 So.2d 187 (Miss.1970); *Mladinich v. Kohn,* 250 Miss. 138, 164 So.2d 785 (1964). *See also Aycock v. Louisiana Aircraft, Inc.,* 617 F.2d 432 (5th Cir.1980), *cert. denied,* 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 343 (1981).

products nationally and that some of these goods find their way into Mississippi is not a sufficient nexus to subject DeWalt to in-personam jurisdiction under the "doing-business" provision of the Mississippi long-arm statute.

■ Smith's second argument for obtaining in-personam jurisdiction over DeWalt is that, because DeWalt would be entitled to sue in Mississippi as a plaintiff, "equality of treatment" demands that it also be subject to suit in Mississippi as a defendant. Smith focuses on the interstate commerce exception [13] to Mississippi's "door-closing" statute [14] which describes a foreign corporation that merely transacts business in interstate commerce in Mississippi as not transacting business in Mississippi. This description, in turn, exempts such a corporation from the limitations. of Miss.Code Ann. § 79–3–247 (1972) [15] which precludes a foreign corporation that transacts business in Mississippi without authorization from bringing suit in state court. Because DeWalt merely transacts business in interstate commerce, it is not "transacting business" in Mississippi; and because it is not transacting business in Mississippi without proper authorization, it is not precluded from bringing suit in Mississippi. Smith argues that we should extend this reasoning one step further and conclude that "equality of treatment" requires that De-Walt also be subject to suit in Mississippi as a defendant. We decline to do so.

Smith's argument ignores the provisions of the Mississippi long-arm statute; a statute already shown to bar the exercise of in-personam jurisdiction over DeWalt. Under the clear dictates of that statute, Mississippi does not claim jurisdiction over De-Walt. Smith cannot avoid this conclusion by attempting to avoid the statute. Moreover, this court has previously noted that there is no authority for the proposition that, "Mississippi would construe its statute as permitting service on a non-resident corporation whose only activities in the state are a part of an interstate transaction." [16] For these reasons, Smith's "equality of treatment" argument must also fail.

■ Smith's final argument for obtaining personal jurisdiction over DeWalt fares no better than his first two. Smith points to Miss.Code Ann. § 79–1–27 (1972) [17] and its seemingly clear command that *any* corporation doing business in Mississippi is subject to suit there. As explained by the Mississippi Supreme Court, the purpose of this statute is to "'open the door' of ... Mississippi courts to foreign corporations ... doing business in [Mississippi] to sue and be sued here on all bona fide causes of action." [18] Smith argues, therefore, that despite the restrictive interpretation given to the other two statutory provisions that

---

**13.** Miss.Code Ann. § 79–3–211 (1972) provides in pertinent part:

Without excluding other activities which may not constitute transacting business in this state, a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this chapter, by reason of carrying on in this state any one or more of the following activities:

. . . . .

(e) Transacting any business in interstate commerce.

**14.** Miss.Code Ann. § 79–3–247 (1972) provides in pertinent part:

No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court in this state. Nor shall any action, suit or proceeding be maintained in any court of this state by any successor or assignee of such corporation on any

right, claim or demand arising out of the transaction of business by such corporation in this state.

**15.** *See supra* note 14.

**16.** *Walker v. Savell,* 335 F.2d 536, 543 (5th Cir. 1964).

**17.** Miss.Code Ann. § 79–1–27 (1972) provides:

Any corporation claiming existence under the laws of any other state or of any other country foreign to the United States, found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are, whether the cause of action accrued in this state or not.

**18.** *Arrow Food Distributors, Inc. v. Love,* 361 So.2d 324, 327 (Miss.1978).

he relies upon, this section allows a non-resident corporation doing business in Mississippi to be sued in that state no matter what the cause of action or where it arises.

This argument cannot prevail for two reasons. First, the Mississippi Supreme Court has held that, in a situation such as this, Miss.Code Ann. § 79–1–27 (1972) and the long-arm statute must be construed together and harmonized.[19] This court of course follows that construction of Mississippi law,[20] but in the instant case, the only manner in which these two provisions can be harmonized is to refuse to extend personal jurisdiction over DeWalt. As already noted, when the Mississippi legislature amended the long-arm statute in 1980, it did not extend the "doing-business" provision of that statute to non-resident plaintiffs.[21] To extend jurisdiction over DeWalt on the authority of § 79–1–27, therefore, would be completely contrary to the intent of the Mississippi legislature.

Second, § 79–1–27 applies only to corporations found to be "doing business" in Mississippi. As we have already noted, DeWalt has insufficient contacts with Mississippi to be considered to be doing business there for purposes of asserting personal jurisdiction over it.[22] In this context, it should also be noted that DeWalt maintains no offices, employees or representatives in Mississippi. It also does not negotiate contracts in Mississippi. DeWalt's products are sold on a regular basis in Mississippi, but only as a result of marketing such products nationally to independent distributors who in turn sell to wholesalers and retailers, or who sell in their own outlet stores in the various states.

Because we can find no basis for the exercise of personal jurisdiction under Mississippi law in this case, there is no reason for this court to consider either the due process issue or the statute of limitations issue raised by Smith in this appeal. For the reasons stated above, the decision of the district court is AFFIRMED.

---

**19.** *Id.*

**20.** *Aycock v. Louisiana Aircraft, Inc.,* 617 F.2d 432, 434 (5th Cir.1980).

**21.** *See supra* notes 9–10 and accompanying text.

**22.** *See supra* notes 11–12 and accompanying text.