**Cecil D. ALLEN, et al., Plaintiffs,**

v.

**JEFFERSON LINES, INC., Defendant.**

**Civ. A. No. J84–0699(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

June 6, 1985.

James C. Lockard, Cy Faneca, Biloxi, Miss., H. Alva Brumfield, Baton Rouge, La., for plaintiffs.

John C. Henegan, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Defendant Jefferson Lines, Inc. ("Jefferson Lines") to Dismiss the Complaint filed by Plaintiffs Cecil D. Allen, et al ("Allen"), claiming that this Court lacks personal jurisdiction over it.

### FACTS

Allen was injured on December 6, 1981, while a passenger on a Jefferson Lines bus travelling between Little Rock and Fort Smith, Arkansas. He claims that the negligence of Jefferson Lines caused the collision resulting in his injuries. Allen had bought a ticket from another bus line in Brookhaven, Mississippi, for a trip from Brookhaven to Oklahoma. Jefferson Lines is a common carrier and provided connecting service only between Little Rock and Fort Smith.

These and the following facts were set forth by Affidavit of Daniel F. Prins, president of Jefferson Lines attached to the Motion to Dismiss. No countering evidence was presented by Plaintiffs through affidavit or otherwise and, in fact, Plaintiffs agreed with the facts as set forth in Prins' Affidavit. According to the Affidavit, Jefferson Lines:

(1) is a common carrier authorized by the Interstate Commerce Commission to provide interstate bus services for passengers and goods;

(2) has been granted authority from the Interstate Commerce Commission to originate and/or terminate its bus services within Mississippi although it has never exercised this authority;

(3) has never applied for a permit or certificate with the Mississippi Public Service Commission to engage in intra-

state operations within Mississippi nor has it ever engaged in any such intrastate operations;

(4) has never qualified to do business in Mississippi nor filed any documentation with the Secretary of State of the State of Mississippi;

(5) has never paid any corporate franchise or income tax to the state;

(6) has no ticket agents, representatives, offices, employees, telephone listings, mailing addresses, bank accounts, lines of credit or property of any form whatsoever located in Mississippi;

(7) does not advertise or solicit business or negotiate or execute contracts in Mississippi;

(8) is permitted to pass through Mississippi from or to points of origin and/or termination in other states in conjunction with its chartered services but not with any regular passenger routes; and

(9) travelled in excess of 31,000 miles across Mississippi between 1981 and 1983.

Specifically, Jefferson Lines asserts that it is not "doing business" in Mississippi for purposes of *Miss.Code Ann.* §§ 13-3-57 (Supp.1984) and 79-1-27 (Supp.1984) since:

(1) The nature of its business in Mississippi—providing interstate chartered passenger service across the state—is limited and irregular;

(2) There is no causal connection between Allen's cause of action against Jefferson Lines—the negligent provision of regular passenger service in Arkansas—and the activities of Jefferson Lines in Mississippi; and

(3) The assertion of jurisdiction over Jefferson Lines offends traditional notions of fairness and substantial justice.

Allen maintains that Jefferson Lines is "doing business" in Mississippi since Jefferson Lines travelled approximately 31,979 miles across Mississippi between 1981 and 1983, conducting its chartered bus services. This, Allen claims, reveals that Jefferson Lines has conducted continuous business activities in Mississippi which are sufficient to support the exercise of personal jurisdiction, even assuming that his cause of action did not arise from the activities of Jefferson Lines in Mississippi. In essence, Allen claims that since Jefferson Lines is "doing business" in Mississippi, this Court may assume personal jurisdiction over Jefferson Lines under *Miss.Code Ann.* §§ 13-3-57 and 79-1-27.

### LAW

According to *Smith v. DeWalt Products Corporation,* 743 F.2d 277, 278 (5th Cir.1984), the reach of federal jurisdiction over a non-resident defendant is measured by a two step inquiry:

1. The law of the forum state must provide for the assertion of jurisdiction; and

2. The exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment due process clause.

To determine whether Mississippi—the law of the forum state—provides for the assertion of jurisdiction entails an analysis of *Miss.Code Ann.* §§ 13-3-57 (Supp.1984) and 79-1-27 (Supp.1984). Section 13-3-57 provides in pertinent part:

Any ... foreign ... corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. . . .

Section 79-1-27 provides:

Any corporation claiming existence under the laws of any other state or of any other country foreign to the United States, found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are, whether the cause of action accrued in this state or not.

*Arrow Food Distributors, Inc. v. Love,* 361 So.2d 324, 327 (Miss.1978), dictates that

§§ 13–3–57 and 79–1–27 must be harmonized to support "the state's avowed policy ... to 'open the door' of our Mississippi courts to foreign corporations found doing business in this state to sue and be sued on all bona fide causes of action."

Yet, merely "doing business" in Mississippi is not sufficient to support the exercise of personal jurisdiction. Before personal jurisdiction may be assumed under the "doing business" provision of § 13–3–57, the business in Mississippi of the non-resident defendant must be of a "systematic and on-going nature", the plaintiff's cause of action must be incident to that business activity and the assertion of jurisdiction must not offend notions of fairness and substantial justice. *Aycock v. Louisiana Aircraft, Inc.*, 617 F.2d 432, 435 (5th Cir.1980); *Arrow Food Distributors v. Love*, 361 So.2d at 326–27. Contrary to Allen's contention, there is no authority for the proposition that Mississippi would construe its statute as permitting service on a non-resident defendant whose only activities in Mississippi are part of an interstate transaction. *See, e.g., Walker v. Savell*, 335 F.2d 536, 543 (5th Cir.1964).

In this case, Jefferson Lines is not "doing business" in Mississippi of a systematic and ongoing nature. Jefferson Lines has no ticket agents, representatives, employees, offices, telephone listings, mailing addresses, bank accounts, lines of credit or property located in Mississippi. Nor does Jefferson Lines advertise or solicit business or negotiate or execute contracts in Mississippi. Jefferson Lines' charter services merely pass through Mississippi. *Compare Aycock v. Louisiana Aircraft, Inc., supra* (non-resident defendant was subject to jurisdiction where it was the authorized distributor of aircraft and parts in Mississippi; where it sent salesmen into Mississippi to demonstrate and sell aircraft; where it delivered planes to customers in Mississippi and serviced planes in Mississippi and entered into contracts with Mississippians); *Arrow Food Distributors Inc. v. Love, supra* (non-resident defendant was subject to jurisdiction where it sold foodstuffs in Mississippi continuously since 1951; where its sales in Mississippi averaged $2,000 to $3,000 per week; where its salesmen came to Mississippi to solicit orders and orders were shipped by trucks into Mississippi) *with Smith v. DeWalt Products Corporation, supra* (non-resident defendant was not subject to jurisdiction where its saw was not manufactured in Mississippi, the saw was never owned by a Mississippian; its saws were never sold in Mississippi or by a Mississippian; its saws were never serviced in Mississippi or by a Mississippian; the saw was never within Mississippi and the non-resident defendant maintained no offices, employees or representatives in Mississippi and did not negotiate or execute any contracts in Mississippi).

Moreover, Allen's cause of action does not accrue from, nor is it incident to, the activities of Jefferson Lines in Mississippi. In fact, there is no nexus of any kind between the activities of Jefferson Lines and Allen's cause of action against Jefferson Lines. Jefferson Lines provides only interstate charter services across Mississippi. Although Jefferson Lines is authorized by the Interstate Commerce Commission to provide regular passenger service in Mississippi, it has never done so nor has it applied with the Mississippi Public Service Commission to engage in intrastate commerce. Consequently, Allen's cause of action, which arises out of the alleged negligence of Jefferson Lines in providing regular passenger service in Arkansas, has no causal connection with the providing of interstate charter services across Mississippi by Jefferson Lines. *See, e.g., Smith v. DeWalt Products Corporation*, 743 F.2d at 279–80.

Since this Court finds that Mississippi law does not provide for the assertion of personal jurisdiction over Jefferson Lines under the facts of this case, there is no need to determine the alternative Motion of Jefferson Lines for Change of Venue to Arkansas.

Accordingly, this Court finds that the Motion of Defendant Jefferson Lines, Inc.

to Dismiss for a lack of personal jurisdiction is well taken and should be granted.