Joe Sam OWEN, Ben Galloway, Owen and Galloway, A General Partnership, and Gaston Hewes, Jr., Plaintiffs,

v.

Thomas E. WOODS, Pan American World Airways, Inc., and United States Aviation Underwriters Incorporated, Defendants.

Civ. A. No. S86–0737(G).

United States District Court, S.D. Mississippi, S.D.

Dec. 18, 1986.
As Amended Dec. 19, 1986.

Joe Sam Owen, pro se.

Ben Galloway, pro se.

Gaston Hewes, pro se.

Donald W. Clark, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

GEX, District Judge.

Thomas E. Woods, Esq. (Woods), Defendant in the above styled diversity action, is before the Court on a Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction. The Court is of the opinion that the motion is not well taken and should therefore be denied.

Plaintiffs were retained by one David Hartford, Sr. (Hartford), to pursue wrongful death claims arising out of the loss of his ex-wife and two (2) minor children in the now well known Kenner, Louisiana, airplane crash of 1982. Sometime after Hartford had filed his wrongful death action in this court, Mr. Arthur Cunnings, father of the deceased ex-wife of Hartford, commenced probate proceedings in Michigan in an effort to have himself declared representative of all three estates. It was at this point that Defendant Woods became involved in the matter.

Plaintiffs initially contacted Woods to represent Hartford's interest in the Michigan probate proceedings and it appears that, at least initially, Woods intended to do no more than that. However, at the conclusion of the probate proceedings, Defendant Woods was appointed by the Court as representative of all three estates.

Once Woods was in this position, he decided, in his capacity as representative, to retain himself as attorney for the three estates; he further determined to retain the assistance of and to obtain input from Hartford's original counsel to resolve the three wrongful death cases. Ultimately, Defendant proffered to Plaintiffs a contractual agreement defining their joint relationship with respect to the three estates. Plaintiffs accepted the contract and it was executed in this state on May 24, 1983. It is also clear beyond doubt that Woods intended and expected the Plaintiffs to perform work in furtherance of the contract in this state; Hartford's family resided in this state at the time of the death of his two minor children and Hartford was, of course, Plaintiff's client; thus, all preparation concerning the Hartford heirs was to be performed in Mississippi by the Plaintiffs as acknowledged in Woods letter to Plaintiff Owen dated July 21, 1983.

Over the course of time, Plaintiffs' relationship with Woods deteriorated. The estates have been settled, but, due to discord and distrust among the parties to this action, threats, accusations and incriminations have been flung about. The attorneys' fees generated from these estates are being held in escrow and the instant action has been filed.

■ The district court must examine the law of the forum state, subject to due process limitations, to determine if it may exercise personal jurisdiction over a nonresident defendant. *Smith v. DeWalt Products Corp,* 743 F.2d 277, 278 (5th Cir. 1984). The burden rests on Plaintiff to establish the district court's jurisdiction over a nonresident defendant and, in order to facilitate the Court's determination, the parties may submit affidavits, interrogatories, oral testimony and all other discoverable materials. *Thompson v. Chrysler Mo-*

*tor Corp.,* 755 F.2d 1162, 1165 (5th Cir. 1985).

Mississippi's long-arm statute provides in pertinent part:

Any resident person ... who shall make a contract with a resident of this state to be performed in whole or in part by *any party* in this state, ... shall by such act or acts be deemed to being doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the Secretary of State of ... Mississippi ... to be the true and lawful attorney or agent of such nonresident upon whom all lawful process my be served in any actions or proceedings ... *arising from or growing out of such contract* ... by any such nonresident.... (emphasis added)

Miss.Code Ann. Section 13–3–57 (Supp. 1984). The statute, on its face, permits the courts in this forum to exercise personal jurisdiction over a nonresident who has deliberately and purposefully entered into a contractual relationship with a Mississippi resident wherein either party to the agreement is obligated to perform some act in furtherance of the contract in this state in any cause of action that might develop out of that particular relationship. This, obviously, is Mississippi's statutory embodiment of the "specific jurisdiction" concept set forth in *Hellicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 & n. 8, 104 S.Ct. 1868, 1872 & n. 8, 80 L.Ed.2d 404 (1984).

■ The record before the Court amply establishes that Woods initiated the contractual relationships out of which this litigation arose. The correspondence between the parties that is attached as exhibits to the affidavit of Plaintiff Joe Sam Owen shows that Defendant Woods proposed a contract with Plaintiff Hewes (Exhibit 16 to Owen affidavit) and ultimately drafted the final form of the contract between the parties (exhibits 21 and 22 to Owen affidavit). Further, the language of the contract itself and Defendant Woods' correspondence with the Plaintiffs subsequent to the signing of their contract reflects Woods' intent and understanding that critical and meaningful work in furtherance of the contract was to be performed and in fact was performed in Mississippi. (Exhibits 25, 31, 32 and 33 to Owen affidavit). The conclusion is inescapable that Mississippi's long-arm statute would permit the exercise of personal jurisdiction over Defendant Woods.

■ Our inquiry cannot, however, end at this juncture. Due process constraints rightly compel this Court to evaluate on an ethereal level the propriety of exercising personal jurisdiction over a nonresident defendant once the mechanical evaluation of the state's long-arm machinery has established that valid personal jurisdiction and service of process has been effectuated over the nonresident defendant. The Fifth Circuit opinion in *Mississippi Interstate Express, Inc. v. Transpo, Inc.,* 681 F.2d 1003 (5th Cir.1982) is most instructive with respect to the due process evaluation. The Court had to determine whether exercising jurisdiction over nonresident defendants whose sole contact with Mississippi was the fact that they entered into a contract with a Mississippi resident which obligated the Mississippi party to perform key points of the contract in this state would offend the Defendants' rights to due process. Judge Tate, writing for the Court, shaped and directed the inquiry as follows:

[T]he determination of whether personal jurisdiction exists is resolved by considering the following criteria: 1) did the defendant have sufficient minimum contacts with the forum state so that it is fair and reasonable to require the defendant to come into the state and defend the suit?; 2) did the defendant purposefully avail itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws? (This latter criteria also includes the consideration of whether the defendant's conduct in connection with the forum state was such that he might reasonably foresee being haled into court there.) ... [w]hether the minimum contacts are sufficient to justify subjection of the nonresident to suit in the forum is determined not on a me-

chanical and quantitative test, but rather under the particular facts upon the quality and nature of the activity with relation to the forum state.

*Id.* at 1006.

In the instant case, Defendant Woods purposefully and affirmatively availed himself of the privilege of conducting activities within this state when he entered into a contract with Mississippi residents fully expecting that a material and essential part of the contract would require performance within the forum. The correspondence between the parties in this unfortunate litigation shows that Defendant Woods felt that, after his appointment as representatives of the estates that rest as the foundation of this controversy, he was free to pursue any course of legal action he decided with or without the Plaintiffs' assistance and/or approval. That Wood ultimately decided, for whatever reasons, to enter into a contract with the Plaintiffs is indicative of his deliberateness in generating business activity in this state. Had Woods simply refused to contract with the resident Plaintiffs "thereby 'severing [his] connection with the State' defendant [could have] alleviate[d] the risk of burdensome litigation." *Id.* at 1008 (*quoting World-Wide Volkswagen Corp v. Woodson,* 444 U.S. 286, 295–98, 100 S.Ct. 559, 566–67, 62 L.Ed.2d 490 (1980)). Under these circumstances, maintenance of this cause and exercise of personal jurisdiction over Defendant Woods does not offend due process.

Plaintiffs shall present an Order in conformity with this Court's Memorandum Opinion within ten (10) days from the date hereof.