**Mark MILLS, et al., Plaintiffs,**

v.

**DIECO, INCORPORATED, Defendant.**

**No. DC89–30–B–0.**

United States District Court,
N.D. Mississippi,
Delta Division.

Oct. 4, 1989.

Ralph E. Chapman, Clarksdale, Miss., for plaintiffs.

Robert L. Crawford, Stephen F. Carter, Wildman, Harrold, Allen, Dixon & McDonnell, Memphis, Tenn., and J. Walker Sims, Clarksdale, Miss., for defendant.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court on motion of defendant Dieco, Incorporated to dismiss the complaint of plaintiffs Mark Mills and Kathryn Mills on the basis that this court lacks personal jurisdiction over the defendant.

## Facts

The plaintiffs, Pennsylvania residents, were injured in Memphis, Tennessee, on April 7, 1987, when the car in which they were traveling collided with a delivery truck owned and operated by the defendant. Almost a year after their cause of action expired under the Tennessee statute of limitations, the plaintiffs filed this suit in Mississippi.

The defendant is incorporated in Tennessee and maintains its principal place of business in Memphis. Process was served under the "doing-business" provision of the Mississippi long-arm statute, though the defendant conducts very little business within Mississippi. In fact, in 1987 the defendant's contacts with Mississippi were limited solely to use of the state's highways for delivery of its product, bought and paid for in Tennessee, to six different Mississippi customers for 1.5% of the defendant's total revenue. The defendant did not conduct or attempt to conduct business within Mississippi or use Mississippi highways on the date the accident occurred.

The defendant asserts that nonresidents are barred from taking advantage of the "doing-business" provision, and that jurisdiction also fails because no causal connection exists between the defendant's Mississippi contacts and the plaintiffs' injuries. The plaintiffs argue that the statute permits nonresident use or, in the alternative, that a recent case, *Shewbrooks v. A.C. & S.*, 529 So.2d 557 (Miss.1988), extends use of the "doing-business" provision to nonresidents and extinguishes any requirement of a causal nexus.

## Law

Before personal jurisdiction may be assumed over a defendant, a plaintiff must satisfy the law of the forum state and comport with the dictates of the Fourteenth Amendment. *Smith v. DeWalt Prods. Corp.*, 743 F.2d 277, 278 (5th Cir. 1984). Through its long-arm statute, Mississippi asserts personal jurisdiction over defendants who

(1) make contracts, with Mississippi residents, to be performed at least in part within the state;

(2) commit a tort in state; or

(3) conduct business within the state. Miss.Code Ann. § 13–3–57 (Supp.1989). In pertinent part, the statute states:

> Any … foreign … corporation … who shall make a contract with a resident of this state to be performed … in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi … to be the true and lawful attorney … of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort. …

*Id.*

The plaintiffs correctly point out that nothing in the statute's third prong, the "doing-business" provision, expressly precludes use by nonresidents. However, the Fifth Circuit has consistently held that nonresident plaintiffs are denied access to this portion of the statute and, conscious of this fact, the Mississippi legislature amended the tort provision in 1980 to expressly permit nonresident use but left the wording of the "doing-business" provision intact. Miss.Code Ann. § 13–3–57. *See Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 444–45 (5th Cir.), *cert. denied*, 442 U.S. 942, 99 S.Ct. 2886, 61 L.Ed.2d 313 (1979) (nonresidents barred). In passing up such a clear opportunity to correct any previous judicial misconstruction, it appears that the Mississippi legislature is content with the Fifth Circuit's interpretation. The court in *DeWalt* drew a similar inference from the circumstances surrounding the 1980 amendment. *DeWalt*, 743 F.2d at 279. Accordingly, the weight of precedent and legislative history bar the plaintiffs from using the statute's "doing-business" provision.

Even if the plaintiffs could rely on this provision, *in personam* jurisdiction would remain improper because the statute requires a nexus between a plaintiff's cause of action and a defendant's in-state business contacts. Miss.Code Ann. § 13–3–57; *Collins v. Truck Equip. Sales, Inc.*, 231 So.2d 187 (Miss.1970); *DeWalt*, 743 F.2d at 279. The plaintiffs' mere showing that the truck which collided with the plaintiffs in Tennessee has also been used by the defendant to deliver goods in Mississippi does not reveal any meaningful relationship as required by the statute. No discernible nexus exists between the defendant's Mississippi sales and the plaintiffs' cause of action.

The plaintiffs contend that the case of *Shewbrooks v. A.C. & S., Inc.*, 529 So.2d 557 (Miss.1988), opened the Mississippi long-arm statute's "doing-business" provision to nonresident plaintiffs and dissolved the statute's nexus requirement. While their argument is innovative, the court declines to adopt their interpretation of the *Shewbrooks* decision.

In *Shewbrooks*, nonresident plaintiffs filed suit in Mississippi against foreign corporations for a cause of action which occurred outside Mississippi. *Shewbrooks*, 529 So.2d at 559. The court held that personal jurisdiction existed over the defendants; however, the opinion does not disclose the basis on which personal jurisdiction was obtained. The *Shewbrooks* opinion expressly states only that nonresident parties and a cause of action which occurs out of state are not factors which, *in and of themselves*, "deprive a court of lawful authority to hear [a] case." *Id.* Apparently, in *Shewbrooks* the long-arm statute was not used to obtain personal jurisdiction. The statute was not cited and cases construing the "doing-business" provision also were conspicuously absent. Indeed, the court noted there was "no serious question on appeal" that personal jurisdiction existed over the defendants. *Id.* Based on the foregoing factors, the court does not consider *Shewbrooks* a personal jurisdiction case which invalidates well-established state and federal precedent and construes the long-arm statute contrary to its plain meaning.

Upon due consideration, the court finds that Mississippi law does not provide for the assertion of jurisdiction over the defendant. The plaintiffs are nonresidents and may not take advantage of the "doing-business" provision of Mississippi's long-arm statute. Additionally, the plaintiffs have failed to demonstrate any meaningful relationship between their cause of action and the defendant's Mississippi business contacts. Because either one of these findings is dispositive of the plaintiffs' cause under Mississippi law, the court need not address the due process issue. *DeWalt*, 743 F.2d at 278.

### Conclusion

For the foregoing reasons, the defendant's motion is well taken and this cause will be dismissed for lack of personal jurisdiction over the defendant.

An order will issue accordingly.