Edward **MURRAY** and Wife, **Barbara Murray**; **Mark Tomaselli**; and **Douglas Warren** and Wife, **Holly Warren**, Plaintiffs,

v.

**REMINGTON ARMS COMPANY, INC.,** and **E.I. Du Pont De Nemours and Company,** Defendants.

Civ. A. No. S90–0125(G).

United States District Court, S.D. Mississippi, S.D.

April 16, 1991.

---

Ben F. Galloway, Gulfport, Miss., Richard Miller, Springfield, Mo., and Robert A. Chaffin, pro hac vice and Steven D. Naumann, pro hac vice, Houston, Tex., for plaintiffs.

James O. Dukes, Roger T. Clark, Gulfport, Miss., and B. Lee Ware, Jr., pro hac vice, Houston, Tex., for Remington Arms and E.I. Du Pont Co.

## MEMORANDUM OPINION

GEX, District Judge.

This cause is before the Court on motion of the defendant, Remington Arms Company, Inc. [Remington], to set aside the purported service of process upon it in this matter and to dismiss this action as to Remington for lack of personal jurisdiction. After due consideration of the briefs of counsel, the applicable law, and being otherwise fully advised in the premises, this Court finds that the motion is well-taken and should be granted.

### Statement of Facts

On or about March 12, 1990, the plaintiffs filed their original complaint in this Court seeking damages from the defendants under a products liability theory. The Murrays contend that on August 5, 1984, in Ontario, dominion of Canada, a Remington Model 700 AD1 30.06 rifle unexpectedly and without cause discharged, striking the plaintiff and causing the injuries and damages claimed. Tomaselli complains of a similar incident which occurred on November 24, 1984, in Jack County, Texas. The Warrens contend that a Remington Model 700 6.5 Magnum rifle unexpectedly discharged and wounded the plaintiff on December 28, 1985, in Washington

state. The plaintiffs seek damages from both defendants because Remington and Dupont allegedly manufactured the rifles in question.

Pertinent to the instant motion are the allegations of residencies of the parties alleged in the complaint. Taking the allegations of the complaint as true for purposes of this motion, the Murrays are residents of Canada. Tomaselli is a resident of Texas, and the Warrens are residents of Alaska. Obviously, all of the plaintiffs are nonresidents of the state of Mississippi. Remington, according to the complaint, is a corporation organized under the laws of the state of Delaware and is headquartered in Delaware. Further, Remington maintains no registered agent for service of process in Mississippi. On the other hand, E.I. Du Pont De Nemours and Company [Du Pont] maintains a registered agent for service of process in Mississippi, although it maintains corporation headquarters in Delaware.

### Conclusions of Law

██ Remington now moves for dismissal based upon a lack of personal jurisdiction. In diversity actions, district court jurisdiction over nonresident defendants is assessed by a two-step process. First, the defendant must be amenable to suit under the law of the forum state. Second, the state law must correspond with the dictates of the fourteenth amendment due process clause. *Smith v. DeWalt Products Corp.,* 743 F.2d 277, 278 (5th Cir.1984).[1] The burden of establishing the district court's jurisdiction over the defendants is clearly on the plaintiffs. *DeMelo v. Toche Marine, Inc.,* 711 F.2d 1260, 1270 (5th Cir.1983).

The plaintiffs here fail to allege the statutory basis upon which they seek to obtain personal jurisdiction of Remington. However, the only statute arguably applicable is the Mississippi Long–Arm Statute, Miss. Code Ann. § 13–3–57 (Supp.1989) which provides in relevant part:

Any ... foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their or its agent, servant or employee.

Thus, to establish jurisdiction over Remington, plaintiffs must establish jurisdiction under either the "contract," the "tort," or the "doing business" provision of the long-arm statute.

██ No one in the present actions contends that the contract or tort provision in the long-arm statute applies to this action. No breach of contract is alleged. Further, the tortious acts of which the plaintiffs complain occurred in locations outside the state of Mississippi. At least some part of the tort must be committed in Mississippi for the tort provision to apply. *E.g., Rittenhouse v. Mabry,* 832 F.2d 1380, 1384 (5th Cir.1987) (the "tort" prong of the Mississippi Long–Arm statute did not authorize jurisdiction over the nonresident defendant in Mississippi where the act of alleged negligence was committed and completed in Tennessee). *Accord, 1330 Broadway Co. v. Carey Canada,* No. S89–0467(G), slip op. at 4 (S.D.Miss. April 3, 1990); *Black v. Carey Canada,* 791 F.Supp. 1120,

---

**1.** *See also Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1165–66 (5th Cir.1985); *Cowan v.* *Ford Motor Co.,* 694 F.2d 104, 105 (5th Cir.1982).

1123 (S.D.Miss.1990). Therefore, the tort prong does not apply in the instant case.

The determination of whether or not a particular corporation is doing business in this state for purposes of the long-arm statute may often be a complex, fact-specific situation. Mississippi has held that non-residents are amenable to suits under the doing business portion of the statute in any actions or proceedings accruing or incident to "any business [done] or ... any character of work or service [performed] in this state ..." *McDaniel v. Ritter*, 556 So.2d 303, 308 (Miss.1989). Both parties in the instant litigation submitted arguments on this issue. However, this Court finds them to be irrelevant.

■ This Court and numerous other federal courts have repeatedly held that non-resident plaintiffs may not utilize the doing business portion of the Mississippi Long–Arm Statute to obtain jurisdiction over a nonresident defendant. *See 1330 Broadway Co. v. Carey Canada, supra; Black v. Carey Canada, supra.*[2] It is clear from the instant complaint that the plaintiffs are not residents of Mississippi. It is equally as apparent that Remington is a nonresident corporation. Therefore, the plaintiffs are precluded from using this provision, and Remington is not amenable to process under the Mississippi law.

■ The plaintiff here counters this crystalline principal by arguing that Remington is in reality the alter ego of the codefendant Du Pont. Therefore, the proposition goes, since Du Pont has a registered corporate agent in Mississippi and has not challenged personal jurisdiction, personal jurisdiction over the alter ego is satisfied. For purposes of the instant motion, this Court considers as true that Remington is the alter ego of Du Pont.[3] However, the plaintiffs' unsupported contentions are legally insufficient.

It may be stated that the plaintiffs could use the alter ego doctrine to prove that the subsidiary Remington was doing business in this state for purposes of the long-arm statute based upon the activities of its parent/alter ego. *See North Am. Plastics, Inc. v. Inland Shoe Mfg. Co., Inc.*, 592 F.Supp. 875 (N.D.Miss.1984). This Court hastens to add that this scenario is not the norm. Usually, the plaintiffs seek to impute the activities of the subsidiary to the parent. *See Lakota Girl Scout Council, Inc. v. Havey Fund–Raising Management, Inc.*, 519 F.2d 634 (8th Cir.1975); *Johnson v. Warnaco, Inc.*, 426 F.Supp. 44 (S.D.Miss. 1976). However, if the plaintiffs in the instant case were residents of Mississippi, they may have sustained their burden of establishing *in personam* jurisdiction. However, there is no Mississippi law to support their intended use of the alter ego theory to impute the residency of a parent corporation to that of a subsidiary.

The complaint in this case clearly states that Remington is incorporated in Delaware, and it does not have a registered agent for service of process in this state. That equates to the nonresidency status of the defendant. Therefore, the nonresident plaintiffs are precluded from using the doing business portion of the Mississippi Long–Arm Statute.

### Conclusion

For the reasons set forth above, this Court finds that the defendant Remington's motion to dismiss for lack of personal jurisdiction is well taken and should be granted.

Counsel for defendant shall submit an order in conformity with the foregoing Memorandum Opinion within ten (10) days of the date of entry hereof. The parties shall bear their own costs.

---

**2.** *See also Smith v. DeWalt Products Corp.*, 743 F.2d 277, 279 (5th Cir.1984); *Golden v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 117 (5th Cir. 1982); *Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 444–45 (5th Cir.1979); *Mills v. Dieco, Inc.*, 722 F.Supp. 296, 298 (N.D.Miss.1989).

**3.** This Court wants to make it clear that it is making no finding of fact in this regard. The allegations are simply being viewed under the applicable standard.