**Maria Hernandez VALDEZ, Plaintiff,**

**v.**

**KRESO, INC., et al., Defendants.**

**No. 4:00–CV–1757–A.**

United States District Court,
N.D. Texas,
Fort Worth Division.

March 28, 2001.

---

Jimmie A. Franklin, Attorney at Law, Law Office of Jimmie A. Franklin, Arlington, TX, for plaintiff.

Dennis M. Conrad, Attorney at Law, Kirkley, Schmidt & Cotten, Fort Worth, TX, for defendants.

## MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

Came on for consideration the motion of defendants, Kreso, Inc., ("Kreso") and Traileze Veterinary Products, Inc. ("Traileze"),[1] to dismiss for lack of personal jurisdiction or, in the alternative, for change of venue. The court, having considered the motion, the response of plaintiff, Maria Hernandez Valdez, individually, and as next friend of Edgar Reza, a minor, the reply, the record, and applicable authorities, finds that the motion to dismiss should be granted.

On November 1, 2000, plaintiff filed her original complaint in this action alleging that defendants at the time of the occurrence giving rise to the action and at the time suit was filed, "engaged in the business of designing, manufacturing, formulating, supplying, labeling, testing, inspecting, selling, marketing, distributing, and conspiring to illegally manufacture, supply and distribute a highly potent poison called Kreso D which was and is marketed, labeled and sold as a 'dog dip'" which injured plaintiff's minor son.

In support of their motion, defendants point out that they were earlier named as defendants in a lawsuit filed in the 67th Judicial District Court of Tarrant County, Texas, and that plaintiff's claims against them in that lawsuit were dismissed for lack of personal jurisdiction. Plaintiff had the right to take an immediate appeal from the order granting the dismissal of the claims against defendants, but failed to do so. Instead, she filed this action.

Defendants urge that this action must likewise be dismissed for lack of personal jurisdiction. There is no dispute that the issue of personal jurisdiction was fully and fairly litigated in state court. Plaintiff cannot now seek to re-litigate in federal court the personal jurisdiction issue that was the basis of the state court's order of dismissal. *Deckert v. Wachovia Student Fin. Servs., Inc.*, 963 F.2d 816, 819 (5th Cir.1992). Plaintiff does not argue that issue preclusion should not apply because the state court action is apparently still pending as to other defendants. Rather, her focus seems to be on purportedly new theories of liability. However, she has not shown the relevance to the issue of personal jurisdiction.

The court is satisfied that Texas courts would give preclusive effect to the issue of personal jurisdiction decided by the state court. The court notes that, in any event, it would have reached the same conclusion based on the matters now before it.

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that *in person-*

---

1. Although plaintiff purports to name four separate entities as defendants, defendants have shown that Lee Drug Company, sued as "Lee Drug Company" and "Lee Drug Company d/b/a Kreso, Inc.," is a name previously used by Traileze Veterinary Products, Inc.

*am* jurisdiction exists. *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir.), *cert. denied,* 513 U.S. 930, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994); *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir.1985); *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542, 545–46 (5th Cir.1985). The plaintiff need not, however, establish personal jurisdiction by a preponderance of the evidence; *prima facie* evidence of personal jurisdiction is sufficient. *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir.1989); *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir.1982). The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. *Command–Aire Corp. v. Ontario Mechanical Sales & Serv., Inc.,* 963 F.2d 90, 95 (5th Cir.1992). Allegations of the plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits. *Wyatt,* 686 F.2d at 282–83 n. 13 (citing *Black v. Acme Markets, Inc.,* 564 F.2d 681, 683 n. 3 (5th Cir.1977)). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists. *Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.), *cert. denied,* 506 U.S. 867, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992); *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir.1990).

■ In a diversity action, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of a forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. *Wilson,* 20 F.3d at 646–47; *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1166 (5th Cir.1985) (quoting *Smith v. DeWalt Prods. Corp.,* 743 F.2d 277, 278 (5th Cir.1984)). Since the Texas long-arm statute has been interpreted as extending to the limits of due process,[2] the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible. *Bullion,* 895 F.2d at 216; *Stuart,* 772 F.2d at 1189.

■ For due process to be satisfied, (1) the nonresident defendant must have "minimum contacts" with the forum state resulting from an affirmative act on the defendant's part, and (2) the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).

■ The minimum contacts prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident defendant. *Bullion,* 895 F.2d at 216. For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Even if the controversy does not arise out of or relate to the nonresident defendant's purposeful contacts with the forum, general jurisdic-

2. *See, e.g., Guardian Royal Exchange Assurance Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex.1991); *Schlobohm v.* *Schapiro,* 784 S.W.2d 355, 357 (Tex.1990); *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 200 (Tex.1985).

tion may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. *Jones*, 954 F.2d at 1068.

█ The court is concerned only with specific jurisdiction in the instant case, as the claims asserted by plaintiff purportedly arise out of or are related to alleged contacts by defendants with Texas. The allegations of plaintiff's complaint are insufficient to establish a *prima facie* case for personal jurisdiction, since they are contradicted by the affidavit of H. Thomas Lee submitted by defendants. *Wyatt*, 686 F.2d at 282–83 n. 13. The deposition excerpts attached to plaintiff's response to the motion do not establish any genuine, material conflicts. In fact, they do not support the propositions urged by plaintiff. Defendants, on the other hand, have established that they were, at one time, Nebraska corporations, but that they were dissolved in 1993, years before plaintiff's son came into contact with the product that allegedly injured him. Plaintiff simply has no basis upon which to urge personal jurisdiction of this court over defendants.

The second prong of the due process analysis is whether exercise of jurisdiction over the nonresident defendants would comport with traditional notions of fair play and substantial justice. *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154. In determining whether the exercise of jurisdiction would be reasonable such that it does not offend traditional notions of fair play and substantial justice, the Supreme Court has instructed that courts look to the following factors: (1) the burden on the defendants, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) shared interest of the several states in furthering fundamental substantive social policies. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). Applying these factors, the court concludes that exercise of jurisdiction over defendants would be constitutionally impermissible.

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted and that plaintiff's claims against defendants be, and are hereby, dismissed for lack of personal jurisdiction.