John T. BAILIFF and Wife, Mary Ellen Bailiff, Plaintiffs,

v.

MANVILLE FOREST PRODUCTS CORPORATION, et al., Defendants.

Civ. A. No. J89–0050(L).

United States District Court, S.D. Mississippi, Jackson Division.

March 29, 1990.

Samuel H. Wilkins, Jackson, Miss., William D. Vines, III, Knoxville, Tenn., for plaintiffs.

Holly R. Ratcliff, Jackson H. Ables, III, Daniel, Coker, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Sachtleben Chemie GmbH (Sachtleben) to dismiss for lack of personal jurisdiction pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Plaintiffs John T. Bailiff and wife, Mary Ellen Bailiff, have made no response to the motion, which was filed February 21, 1990. Upon the motion and accompanying uncontroverted attachments submitted by Sachtleben, the court concludes that the motion to dismiss is well taken and should be granted.

Plaintiffs, Tennessee residents, brought this products liability action asserting various causes of action, including strict liability, breach of expressed and implied warranties, negligence and loss of consortium, all of which are alleged to have arisen from John Bailiff's exposure to various chemicals and dusts which are claimed to have been supplied to his employer by each of the defendants, including Sachtleben. The exposure is alleged to have occurred in Tennessee, during the course of Mr. Bailiff's employment as plant manager for Color–Tech, Inc., and in Canada, during his training for that position.

A defendant is subject to the personal jurisdiction of a federal court in a diversity action only to the extent permitted a state court in the state where that federal court sits. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985); *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir.1983).

> In a federal diversity action ..., the reach of federal jurisdiction over nonresident defendants is measured by a two-step inquiry. First, the law of the forum state must provide for the assertion of such jurisdiction; and second, the exercise of jurisdiction under state law must comport with the dictates of the fourteenth amendment due process clause.

*Smith v. DeWalt Products Corp.*, 743 F.2d 277 (5th Cir.1984). The sole basis for plaintiffs' assertion of personal jurisdiction over Sachtleben is Miss.Code Ann. § 13–3–57 (1972 & Supp.1989), Mississippi's long-arm statute. Under the statute, provision is made for the assertion of jurisdiction over a nonresident defendant who (1) makes a contract with a resident of this state to be performed in whole or in part by any party in this state; (2) commits a tort in whole or in part in this state; or (3) does any business or performs any character of work or service in this state. In their responses to requests for admissions, plaintiffs have admitted that Sachtleben committed no tort in Mississippi and made no contract with any resident of this state. The only remaining

basis for the assertion of personal jurisdiction over this defendant, therefore, is the "doing business" prong of the long-arm statute. However, plaintiffs, being nonresidents of the State of Mississippi, may not utilize the "doing business" provision of the long-arm statute to invoke jurisdiction over a foreign corporation. *See Smith v. DeWalt Products Corp.,* 743 F.2d 277, 279 (5th Cir.1984). In this case, because the tort and contract provisions of the long-arm statute are concededly inapplicable and because the doing business portion of the statute is unavailable to these plaintiffs, it must be concluded that the law of Mississippi does not provide for the assertion of jurisdiction. On that basis, therefore, plaintiffs' complaint against Sachtleben must be dismissed.

■ Even if this court were to determine that plaintiffs could avail themselves of the doing business portion of the long-arm statute, it nevertheless appears that Sachtleben does not now, nor has it ever done business in Mississippi. In the face of a challenge to the court's personal jurisdiction, the burden is on the plaintiffs to establish that such jurisdiction exists and may be exercised. *Thompson v. Chrysler Motors Corp.,* 755 F.2d at 1165. When considering whether the plaintiffs have presented a prima facie case for personal jurisdiction, the allegations of the complaint are to be taken as true, except to the extent they are controverted by opposing affidavits. In the case at bar, plaintiffs' complaint alleges no facts tending to demonstrate that Sachtleben is doing or has done business in this state and instead contains only a conclusory allegation to that effect. That allegation, though, is specifically refuted by the affidavit of Rudolph Siebert, Vice President of Sachtleben. Siebert's affidavit establishes that Sachtleben is a corporation organized and existing under the laws of the Federal Republic of Germany and is not qualified to do business in the State of Mississippi. It has no real estate, personal property, bank accounts or any other property located in the state nor does it maintain control over any property or use or enjoy any property in Mississippi. Sachtleben has never entered into any contract to be performed, in whole or in part, in Mississippi and has never performed any act within or outside the state which had or could have had any effect within the state. In terms of the nature of the causes of action alleged by plaintiffs, the affidavit establishes that Sachtleben does not import, distribute, market, advertise or sell chemicals in Mississippi and did not do so with respect to the chemicals involved in this case. In sum, the uncontroverted evidence establishes that Sachtleben has not and is not doing business in Mississippi as envisioned by the long-arm statute and there thus exists no basis for the assertion of jurisdiction over this defendant.

Finally, the court would observe that not only is *in personam* jurisdiction over this defendant not sanctioned by Mississippi's long-arm statute, it is prohibited by the United States Constitution. It is clear from the allegations of their complaint, and indeed plaintiffs have specifically admitted that each of their causes of action asserted in the complaint arose outside the boundaries of Mississippi and that this action does not arise out of or relate to any contact Sachtleben might have with Mississippi. The Fifth Circuit has stated that "[w]hen ... the cause of action does not arise out of a non-resident defendant's contact with the forum state, those contacts must be 'systematic and continuous' so as to afford what is commonly called general jurisdiction." *Rittenhouse v. Mabry,* 832 F.2d 1380, 1390 (5th Cir.1987). The evidence of record in this case demonstrates that Sachtleben has had no contact with Mississippi, and certainly not such contact as could be characterized as "systematic and continuous." Consequently, any attempt to exercise jurisdiction by this court would offend traditional notions of fair play and substantial justice and would violate this defendant's right to due process.

Accordingly, it is ordered that defendant Sachtleben's motion to dismiss for lack of personal jurisdiction is granted.

ORDERED.