Eveline FERRY, Individually, and on Behalf of Tina Ferry, a Minor, and the Estate of Abraham Ferry, Deceased, Plaintiffs,

v.

LANGSTON CORPORATION, a/k/a Samuel M. Langston Company and XYZ Corporation, Defendants.

Civ. A. No. J90–0093(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

June 21, 1990.

John Paxton, Weill & Paxton, Jackson, Miss., Alan Schwartzberg, Kleinpeter, Schwartzberg & Stevens, Baton Rouge, La., for plaintiffs.

J. Wyatt Hazard, Daniel, Coker, Horton and Bell, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Langston Corporation, a/k/a Samuel M. Langston Company and XYZ Corporation (Langston), to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiffs Eveline Ferry, individually, and on behalf of Tina Ferry, a minor, and the estate of Abraham Ferry, deceased, have responded to the motion. The court, upon consideration of the memoranda of authorities together with attachments submitted by the parties, is of the opinion that it may not exercise *in personam* jurisdiction over Langston consistent with the long-arm statute of the state of Mississippi, Miss.Code Ann. § 13–3–57 (1972 and Supp.1990).

Plaintiffs, Louisiana residents, are the heirs-at-law of Abraham Ferry. They have brought this wrongful death action against Langston, a New Jersey corporation, charging that a defective product manufactured and sold by defendant caused Abraham Ferry's death. Plaintiffs allege that their decedent's death occurred on February 25, 1984 while he was attempting to operate a "hydraulic paper rewinder" dur-

ing the course and scope of his employment with Crown Zellerbach Corporation at its plant in St. Francisville, Louisiana.

■ Although the allegedly defective equipment was distributed by Langston, a New Jersey corporation, to the Crown Zellerbach plant in St. Francisville, Louisiana, and although plaintiffs reside in Louisiana where the accident happened and where the decedent lived and worked, plaintiffs filed suit in Mississippi.[1] Defendants have now moved to dismiss for lack of personal jurisdiction. In a diversity action, where there is a challenge to the court's jurisdiction over a defendant, the burden is on the plaintiff to establish that the exertion of jurisdiction is sanctioned by state law and does not offend constitutional due process requirements. *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir.1989); *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir.1989). In response to defendant's motion, plaintiffs contend that this court may properly exercise jurisdiction over Langston. They argue that while Langston has not qualified to do business in Mississippi, Langston has nevertheless done business and is doing business in Mississippi such that it may properly be subjected to jurisdiction here. It is, however, well settled that nonresidents of the state of Mississippi may not utilize the "doing business" provision of Mississippi's long-arm statute to invoke jurisdiction over a foreign corporation. *See Smith v. DeWalt Products Corp.*, 743 F.2d 277, 279 (5th Cir.1984); *Bailiff v. Manville Forest Products Corp.*, 792 F.Supp. 509, 510–511 (S.D.Miss.1990); *Mills v. Dieco, Inc.*, 722 F.Supp. 296 (N.D.Miss.1989).[2] Accordingly, state law does not provide for the asser-

tion of jurisdiction over Langston in this case.

■ Moreover, for defendant to be amenable to process under the "doing business" section of the long-arm statute, there must be some nexus between the defendant's activities in Mississippi and the plaintiffs' cause of action. There is no requirement that there be a direct relation or nexus between the two, but the claim must be "incident to" such business. *Cycles*, 889 F.2d at 619; *McDaniel v. Ritter*, 556 So.2d 303, 309 (Miss.1989); *Shover v. Cordis Corp.*, No. J89–0443(W), slip op. at 3, 1989 WL 303549 (S.D.Miss. Oct. 25, 1989); *Mills*, 722 F.Supp. 296. There has been no showing by plaintiffs that any business activity by Langston in Mississippi has any relation whatsoever to plaintiffs' claim. All that appears from Langston's submissions to the court is that it sells equipment in interstate commerce and that it has sold equipment that has been distributed to Mississippi purchasers. The court cannot conclude that these sales activities are "incident to" plaintiffs' cause of action.

Based on the foregoing, it is ordered that defendant's motion to dismiss for lack of personal jurisdiction is granted.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

ORDERED.

---

1. A year after the accident, plaintiffs filed suit against a Wisconsin corporation which had no relation to Langston. After a few months, and for reasons unknown to the court, the plaintiffs voluntarily dismissed that suit. They then filed suit in a New Jersey state court, as well as the United States District Court in New Jersey. Upon summary judgment motions by Langston, both actions were dismissed on the basis that the actions were time-barred under the applicable limitations period, a one-year statute under Louisiana law. Thereafter, on February 23, 1990, a mere two days prior to the time Mississippi's six-year limitations period would have expired and extinguished any hope of recovery, plaintiffs filed the present action.

2. Since no contract has been entered between the parties and the alleged tort occurred in Louisiana, the only remaining long-arm provision with potential applicability is the "doing business" section of the statute. *See* Miss.Code Ann. § 13–3–57.