**Deborah D. MADISON, Plaintiff,**

v.

**REVLON, INC., Defendant.**

**Civ. A. No. J91–0170(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 20, 1991.

James W. Nobles, Jr., Mark L. Pearson, Jackson, Miss., for plaintiff.

J. Wyatt Hazard, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

**TOM S. LEE, District Judge.**

This cause is before the court on the motion of defendant Revlon, Inc. to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff Deborah Madison has responded to the motion and the court has considered the memoranda of authorities submitted by the parties in ruling on the motion. Having fully considered the motion, the court concludes that it is well taken and should be granted.

Plaintiff was injured when a hair care product she was wearing, Revlon Sophisticated Look, Curl Guarantee and Gel Activator with Glycerine, caught fire as she was lighting a cigarette.[1] The accident occurred in Florida, and Madison, a Florida resident, subsequently filed suit in the Circuit Court for the Fourth Judicial Circuit of Duval County, Florida, Case No. 86–8880–CA, seeking recovery from Gillette, the manufacturer of the cigarette lighter, as well as Revlon, for injuries sustained in that accident based on theories of negligence, strict liability in tort and breach of implied warranty. That action was later voluntarily dismissed by the plaintiff following a motion by the defendants for summary judgment based on the statute of limitations.

Plaintiff filed the instant products liability action, founded upon the same theories of recovery as the earlier action, and against the same defendants, on December 13, 1990. It is undisputed that Revlon is not a resident corporation and is not qualified to do business in Mississippi. Revlon now seeks dismissal of this action for lack of personal jurisdiction.

■ Revlon is subject to this court's jurisdiction only to the extent that it would be subject to the jurisdiction of a Mississippi state court. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). The only basis for assertion of jurisdiction over Revlon is Miss.Code Ann. § 13–3–57 (1972 & Supp.1991), Mississippi's long-arm statute.[2] The statute provides for assertion of jurisdiction over nonresident corporations in three instances: when the nonresident defendant (1) makes a contract with a resident of this state to be performed in whole or in part by any party in this state; (2) commits a tort in whole or in part in this state; or (3) does any business or performs any character of work or service in this state. It is undisputed that plaintiff is relying solely upon the "doing business" prong of the statute. Accordingly, the defendant's motion to dismiss must be granted inasmuch as the "doing busi-

---

1. Plaintiff has voluntarily dismissed the manufacturer of the cigarette lighter, The Gillette Company, from this action.

2. The plaintiff argues in response to the defendant's motion that a repealed Mississippi statute, Miss.Code Ann. § 79–1–27, provides a basis for the court's jurisdiction. However, in *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 620 (5th Cir.1989), the court noted that section 79–1–27 is applicable to cases filed *before* it was repealed. The instant cause of action was commenced after repeal of that statute.

ness" prong may not be utilized by nonresident plaintiffs. *Smith v. DeWalt Products Corp.*, 743 F.2d 277, 279 (5th Cir.1984); *Ferry v. Langston Corp.*, 792 F.Supp. 512, 513 (S.D.Miss.1990); *Bailiff v. Manville Forest Products Corp.*, 792 F.Supp. 509, 510–11 (S.D.Miss.1990); *Shover v. Cordis Corp.*, No. J89–0443(W), slip op. at 3–4 (S.D.Miss. October 25, 1989); *Mills v. Dieco, Inc.*, 722 F.Supp. 296, 297–98 (N.D.Miss.1989).

■ Moreover, the plaintiff has failed to demonstrate a nexus between Revlon's activities in Mississippi and her cause of action, as required for assertion of jurisdiction under the "doing business" section of the long-arm statute.[3] *Cycles*, 889 F.2d at 619–20. The only allegations contained in the complaint[4] are that Revlon sells products nationwide and that these products have been purchased by Mississippians. The court cannot conclude that the nexus requirement has been met.

Accordingly, it is ordered that the defendant's motion to dismiss for lack of personal jurisdiction is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

ORDERED.

---

3. The parties dispute whether the plaintiff is required to show that the injury alleged was merely "incident to" activity of Revlon in Mississippi, *see Cycles*, 889 F.2d at 620, inasmuch as the statute which *Digby* cited as lessening the nexus requirement of section 13–3–57 had been repealed before the plaintiff filed this action. Although the court is of the opinion that the lesser standard would not be applicable in this case, that issue need not be reached since the court finds that the plaintiff has failed to make any showing whatsoever of a nexus.

4. The plaintiff has submitted no evidence in opposition to the motion to dismiss.